UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KIMBERLY KAPP, et al                                        PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:08-cv-2HSO-JMR

FRANK SCHIAVI, et al                                        DEFENDANTS

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion on behalf of Kimberly Kapp,

individually and as mother and next friend of minor, B.K., for Taxation of Costs [355] and the

Motion of Hung T. Nguyen for Sanctions [357]. These motions are before the Court pursuant to

the Order of June 11, 2010 [361] referring these motions [355], [357] for Report and

Recommendation. The Court finds that the requests for filing fees, copying costs, deposition

costs, and service costs are in accordance with 28 U.S.C.A. § 1920. The Court additionally finds

that the request for witness expenses is in accordance with 28 U.S.C.A. § 1920 and 28 U.S.C.A.

§ 1821. Thus, the Court recommends that the Motion for Taxation of Costs [355] should be

granted in part and denied in part. The Court further recommends that the Motion for Sanctions

[357] be denied as set forth in the accompanying opinion.

Plaintiff B.K. was presented for treatment for pain in his left ankle and inability to walk

to Defendant, Dr. Nguyen at the Hancock Medical Center Emergency Room (hereinafter referred

to as "HMC ER") on Saturday, November 5, 2005. Plaintiff alleges Dr. Nguyen failed to request

a sedimentation rate (hereinafter referred to as "sed rate") for the purposes of diagnosing an

infection. Plaintiff contends Dr. Nguyen also mis-read requested x-rays as showing a talus (bone

in ankle) fracture. Plaintiff alleges that a radiologist later read this x-ray as showing no fracture.

Plaintiff also alleges that Dr. Nguyen later admitted that his initial interpretation was incorrect.

On November 7, 2005, Plaintiff B.K. was presented to Defendant Dr. Schiavi, an orthopaedic surgeon after having increased pain. Dr. Schiavi acknowledges that Plaintiff B.K. did present with a one-day temperature of 101.5 degrees. Dr. Schiavi again had x-rays ordered, which he read as questionable for a fracture. Dr. Schiavi did not order blood work, and like Dr. Nguyen, did not diagnose an infection. On November 9, 2005, Plaintiff B.K. returned to Dr. Schiavi. Dr. Schiavi testified that B.K. looked ill, had increased thirst, and had been running a fever prior to presentation. At this time, Dr. Schiavi ordered that Plaintiff B.K.'s sed rate be taken, which uncovered the spreading infection. The third defendant, Living Waters Community Medical Center, PLLC (hereinafter "Living Waters") is a Mississippi Corporation wholly owned and managed by Dr. Schiavi. Plaintiff B.K. was treated at the center by Dr. Schiavi on November 7, 2005, and November 9, 2009.

Plaintiff alleges that his infection was not properly diagnosed until four days after he initially presented at the HMC ER. Dr. Schiavi acknowledges that Plaintiff B.K.'s initial presentation at USA Medical Center in Mobile, AL, was consistent with Staphylococcal toxic shock syndrome (TSS). Plaintiff contends that the failure of the timely taking of his sed rate led to the failure to timely diagnose his infection, which Plaintiff B.K. contends led to the nine weeks of extensive medical treatment he subsequently endured. The medical treatments which were performed on him include intubation, a thoracotomy, and having a permanent Greenfield filter placed in his leg. Plaintiff B.K. further contends that he will have a life long risk of deep vein thrombosis, and is permanently dependant on coumadin. Plaintiff also contends that he potentially faces a lifetime of extensive medical care, as well as the possibility of losing his left leg. Plaintiff contends that appropriate and timely medical care would have mitigated the

severity of his condition.

Defendants, Dr. Schiavi and Living Waters collectively settled with the plaintiff. The Plaintiff's settlement with Dr. Schiavi and Living Waters took place in the Judge's chambers and was finalized on the record. Kimberly Kapp, the Plaintiff's guardian, was present. She acknowledged that the settlement with Defendants Dr. Schiavi and Living Waters was a full and final settlement and that each party was to bear their own costs. Thereafter, Defendant Nguyen settled with the plaintiff outside the presence of the Court. Defendant Dr. Nguyen did not allege that there was a similar agreement between himself and the Plaintiff. The Court has not been furnished a copy of their settlement agreement.

A settlement acts as a resolution of the dispute which does, in fact, change the legal relationship between the Plaintiff and Defendants. The Defendants agreed to pay the Plaintiff substantially the relief that the Plaintiff sought. Thus, Plaintiff B.K. is considered the prevailing party in this matter.

Under Rule 54 of the Federal Rules of Civil Procedure, the prevailing party is entitled to taxable costs. In *Maher*, the Supreme Court held that a party may be the prevailing party even if they prevail through a settlement and not a judgment. *Maher v. Gagne*, 448 U.S. 122, 123 (1980). The plaintiff is the prevailing party if the plaintiff can "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989). The relief must directly benefit the plaintiff. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The United States Court of Appeals for the Fifth Circuit has followed this Supreme Court precedent, holding that formal relief is not required for the plaintiff to be the prevailing party. *Coen v. Harrison County School Board*, 638 F. 2d 24, 26 (5th Cir. Miss. 1981). Furthermore, a plaintiff need not prevail on

every element of his claim, but show that he obtained "substantially all of the relief originally sought . . . ." *Maher*, U.S. at 127.

As this matter culminated in a settlement, the Court could not consider the testimony of the witnesses or the evidence which would have been produced. Thus, the percentage of fault of each Defendant is difficult to assess. In this circumstance, the Court finds that the most equitable way to determine each Defendant's percentage of fault is to do so based on the percentage of the total settlement that each Defendant paid. Dr. Nguyen's contributed 11.1% of the plaintiff's total settlement; therefore, the Court holds that Nguyen's percentage of fault is also 11.1%. Consequently, Dr. Nguyen is assessed 11.1% of the taxable costs which amounts to $1,160.99.

Dr. Nguyen contends that the Plaintiff's Motion for Sanctions was filed simply to harass him and increase his costs of litigation. Dr. Nguyen points to the fact that the Plaintiff filed a Motion for Taxation of Costs only against him and not against Defendants Dr. Schiavi and Living Waters as evidence that the Plaintiff filed the Motion for Taxation of Costs for an improper purpose. However, as already indicated, the Plaintiff's settlement with Defendants, Dr. Schiavi and Living Waters included on the record an acknowledgment by the Plaintiff that the settlement was full and final. There is no evidence that the Plaintiff's settlement with Dr. Nguyen contained such language. The Court, consistent with Fifth Circuit precedent establishing that costs may be assessed against a settling defendant, properly assessed costs against Defendant Dr. Nguyen. This issue should have been contemplated by Defendant Dr. Nguyen in the settlement agreement. As such, the Defendant's Motion for Sanctions based on the Plaintiff's Motion for Taxation of Costs should be denied.

The Court recommends that the Motion for Taxation of Costs should be granted in part

and denied in part, and that the plaintiff is entitled to taxable costs from Defendant Nguyen as determined by the percentage of his settlement.. *Krieser v. Baptist Memorial Hospital*, 166 F. 3d 736, 738 (5th Cir. Miss. 1999). Total taxable costs are $10,448.92. Dr. Nguyen is to be assessed 11.1% of the taxable costs, totaling $1,160.99.

Accordingly, it is further the recommendation of this Court that the Motion for Sanctions be denied.

The Court finds as there are confidential issues surrounding these settlements that this Report and Recommendation be placed under seal.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F. 3d 1425 (5th Cir. 1996).

THIS the ___25[th]___ day of June, 2010.


 *s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE