IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY KAPP, *individually and as* | § | |
| *mother and next friend of minor B.K., and* | § | |
| JUVENILE B.K., *a minor* | § | PLAINTIFFS |
| | § | |
| VERSUS | § | CIVIL NO. 1:08-cv-2-HSO-JMR |
| | § | |
| FRANK SCHIAVI, M.D., *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION FOR TAXATION OF COSTS,
DENYING DEFENDANT HUNG T. NGUYEN'S MOTION FOR SANCTIONS,
AND GRANTING PLAINTIFFS' MOTION FOR RELEASE OF FUNDS**

BEFORE THE COURT are (1) the Report and Recommendation [363] of

Chief United States Magistrate Judge John M. Roper entered in this cause on June

25, 2010, recommending that the Court grant in part and deny in part Plaintiffs'

Motion for Taxation of Costs [355] and deny Defendant Hung T. Nguyen's Motion

for Sanctions [357], and (2) the Motion for Release of Funds [366], filed by Plaintiffs

on September 15, 2010.  The record reveals that no objections have been filed to the

Magistrate's Report and Recommendation, and that no response has been filed in

opposition to Plaintiffs' Motion for Release of Funds [366].

I.  BACKGROUND

On or about March 23, 2010, the parties announced a settlement of this

matter, and the Magistrate Judge stayed the case, pending approval of the

appropriate state court.  *See* March 23, 2010, Text Order.  On April 14, 2010,

-1-

Plaintiffs filed a Motion for Taxation of Costs [355], asking the Court to tax costs in favor of Plaintiffs and against Defendant Hung T. Nguyen, M.D. ["Dr. Nguyen"], in the amount of $10,448.92, including filing fees, copying costs, deposition transcript costs, witness travel expenses, and service costs. *See* Mot. for Taxation of Costs, at pp. 2-3. Dr. Nguyen filed a Response [356] in opposition to this Motion, and Plaintiffs a Reply [358]. Dr. Nguyen also filed a Motion for Sanctions [357], arguing that Plaintiffs' Motion for Taxation of Costs was improper. *See* Mot. for Sanctions, at pp. 2-3. Plaintiffs filed a Response [359] to Dr. Nguyen's Motion [357], and Dr. Nguyen filed a Reply [360].

The Court then referred both Motions [355], [357], to the Magistrate Judge, pursuant to Federal Rules of Civil Procedure 54(d)(2)(D) and 72(b). *See* May 11, 2010, Order [361], at p. 1. The Magistrate Judge entered his Report and Recommendation [363] on June 25, 2010, recommending that the Court grant in part and deny in part Plaintiffs' Motion [355] for Taxation of Costs, and award Plaintiffs $1,160.99 in costs. The Magistrate Judge further recommended that the Court deny Dr. Nguyen's Motion for Sanctions [357]. No objections to the Report and Recommendation have been filed.

Defendants tendered the settlement funds into the registry of the Court, pursuant to Orders [362], [365] permitting deposit of funds, entered on June 1, 2010, and August 23, 2010. *See* June 4, 2010, and Aug. 26, 2010, Remarks by Clerk's Office. On September 15, 2010, Plaintiffs filed a Motion for Release of Funds [366], stating that they have obtained approval of the settlement from the

appropriate state court in their current home state of Missouri.  Plaintiffs therefore request that the Court disburse the funds in the Court's registry to Plaintiffs' attorney's law firm, Owens & Millsaps, LLP, for distribution.  *See* Mot. for Release, at pp. 1-2.  Defendants have filed no opposition to this Motion.

## II.  DISCUSSION

A.   The Magistrate's Report and Recommendation

1.   Standard of Review

The Court referred the pending Motions for Taxation of Costs and for Sanctions to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(b), which reads as follows:

> (1)   Findings and Recommendations.
> A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.  A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.
>
> (2) Objections.
> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
>
> (3)   Resolving Objections.
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the
magistrate judge with instructions.

FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(B), (C).

As the Magistrate Judge warned in his Report and Recommendation,

[f]ailure to timely file written objections to proposed findings, conclusions,
and recommendations contained in this report will bar an aggrieved
party, except on grounds of plain error, from attacking on appeal
unobjected to proposed factual findings and legal conclusions accepted by
the District Court. *Douglass v. United States Auto Ass'n*, 79 F. 3d 1425
(5th Cir. 1996).

Report and Recommendation, at p. 5.

No objections have been filed in this case.  The Court therefore reviews the
Magistrate Judge's Report and Recommendation for clear error.  *See Douglass*, 79
F.3d at 1420 (*citing* FED. R. CIV. P. 72(b) advisory committee's note (1983)).

2.    Analysis

The findings of fact and recommended disposition of Plaintiffs' Motion for
Taxation of Costs and Dr. Nguyen's Motion for Sanctions involved intensive factual
findings which were almost exclusively derived from the Magistrate Judge's first-
hand knowledge of the settlement negotiations in this case, over which he presided.
After review of the record, the Court, being fully advised in the premises, cannot
say that any of those findings would constitute any clear error.  The Court therefore
finds that said Report and Recommendation should be adopted as the opinion of
this Court.  The Court will grant in part and deny in part Plaintiffs' Motion for
Taxation of Costs [355], and deny Dr. Nguyen's Motion for Sanctions [357].

B.    Plaintiffs' Motion for Release of Funds [366]

Plaintiffs represent to the Court in their Motion for Release of Funds that they have executed agreed releases with Defendants, that they have obtained approval of the settlement in their current home state of Missouri, and that they have reached agreements with Medicaid to resolve its liens once the settlement proceeds are obtained.  No response has been filed in opposition to this Motion. Accordingly, the Court finds that this Motion for Release of Funds is well taken, and further that it should be granted as unopposed.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Report and Recommendation [363] of Chief United States Magistrate Judge John M. Roper, entered in this cause on June 25, 2010, should be, and the same hereby is, adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Motion for Taxation of Costs [355] should be and hereby is **GRANTED IN PART** and **DENIED IN PART**, and Defendant Hung T. Nguyen, M.D., is **ORDERED** to remit $1,160.99 in costs payable to Plaintiffs' counsel, Owens & Millsaps, LLP, within 30 days of the date of the Final Judgment in this cause.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Dr. Nguyen's Motion for Sanctions [357] should be and hereby is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Motion for Release of Funds [366] should be and hereby is **GRANTED**, and the Clerk of

Court shall disburse all funds deposited by Defendants herein to Plaintiffs' counsel, Owens & Millsaps, LLP, for distribution in accordance with the agreement of the parties.

**SO ORDERED AND ADJUDGED**, this the 4th day of October, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE